## CIRCUIT COURT OF CHESTERFIELD COUNTY

Gibbs

v.

Gibbs

July 11, 1991

Case No. CH 90–1414

BY JUDGE JOHN F. DAFFRON, JR.

This matter is before the Court on plaintiff's motion to hold defendant in contempt for failure to comply with the child support provisions of the parties' separation agreement. The separation agreement was executed on October 15, 1987, and ratified, affirmed, and incorporated into the parties' final decree entered December 18, 1990. The agreement provided, *inter alia*, for child support to the parties' daughter even after attaining the age of majority as long as she was a full-time student.

Parents can contract to extend their legal obligation to support and maintain a child after majority, and "when the contractual obligation for this support has been incorporated into a divorce decree . . . the Court retains jurisdiction to enforce the agreement as its decree . . . ." *Fry v. Schwarting*, 4 Va. App. 173, 180 (1987). The parties here agree that Carla Gibbs was a full-time student until December, 1990. While there was a slight disagreement on the precise amount of the arrearage, the plaintiff and the defendant essentially present this case to the Court upon the sole issue of whether the decree entered December 18, 1990, after Carla reached her majority, but while she was a full-time student, created a valid obligation of child support. Based upon the rulings in the courtroom and the *Fry* case, I hold Mr. Gibbs is liable to pay child support and Mrs. Gibbs is entitled to a judgment for the arrearage.